# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN VAN DER GIESSEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1084-D |
| | ) | |
| BRAD GREILICK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

Petitioner, appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241 [Doc. No. 1]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings.

On April 30, 2019, Judge Erwin filed a Report and Recommendation ("Report") [Doc. No. 18], in which he recommended that the Court deny the habeas petition. Specifically, Judge Erwin noted that Petitioner was prohibited under 18 U.S.C. § 3585(b) from receiving credit to his federal sentence for the period dating September 7, 2012 through August 10, 2015. Judge Erwin also found that Petitioner did not qualify for an exception under *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) or *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).

Judge Erwin advised Petitioner of his right to object and directed that any objection be filed on or before May 17, 2019. Judge Erwin further advised Petitioner that any failure to object would result in a waiver of the right to appellate review. The deadline for filing

objections has passed. To date, Petitioner has not filed objections and has not sought an extension of time in which to do so.

Accordingly, Judge Erwin's Report and Recommendation [Doc. No. 18] is ADOPTED as though fully set forth herein. Petitioner's habeas petition is DENIED.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 9th day of July 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge